2L 515
5L 338

A. ALSTON v. M. M. SHARP, Ex'r

1. CLERK AND MASTER. *Neglect of duty.* A clerk and master is liable for neglect of duty, either by himself or his deputy.

2. SAME. *Not liable when.* Upon a bill being filed, where the clerk is to issue the attachment, and the allegations do not authorize the attachment, so that it would have been either void on the face of the record or voidable, or a decree based thereon would be reversible, so that no levy under the writ could have been valid, the clerk will not be liable, except perhaps for nominal damages, for not issuing such a paper, as it would not have been authorized by law, and would have been of no advantage to complainant.

3. SAME. *Liable when. Measure of damages. Burden of proof.* But when the clerk fails to issue an attachment upon a proper bill, and negligence is established, the measure of damages is the debt lost, unless the clerk can show that the property sought to be attached was of less value than the amount of the debt, and in such case the damages will be the value of the property.

4. ATTACHMENT BILL. *Sufficient allegations.* An attachment bill need not state in *hae verba* that the claim is " a just debt," but a statement of facts showing the claim to be a just one is sufficient.

5. CLERK AND MASTER. *Duty. Proper parties to bill. Amendment.* The clerk cannot refuse to issue an attachment because all proper parties. are not made parties to the bill, for it may be afterward amended.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County.    C. W. HEISKELL, J.

W. M. SMITH for Alston.

HEISKELL & WEATHERFORD for Sharp.

FREEMAN, J., delivered the opinion of the court.

This is a suit brought to recover against Alston,. who was Clerk and Master of the Chancery side of the Common Law and Chancery Court of Memphis in March, 1866, damages for an alleged failure to issue a writ of attachment to be levied on a tract of land, which had been sold by Joseph R. Hunter to one Lowry, in December, 1861.    The land had been conveyed by deed to Lowry at the time, and he went into possession, but the deed had been omitted to be registered until March 14th, 1866, and was then registered on a defective probate, that rendered it ineffective as against creditors of the vendor.

The bill filed sought by its terms an attachment, based on its facts and allegations, the prayer being in general terms. after other prayers, as follows: "and that in the meantime process of attachment issue attaching the lot of land described in the bill, and that the same be held subject to the satisfaction of the indebtedness," and on the hearing for a decree for the debt and sale of the lot for this purpose.

It is conceded in the agreed statement of the case, that the bill made a case in which the clerk and master had the power to issue the writ of attachment prayed for, and there is proof tending to show that the attachment bond was given to a deputy, who received the bill on 17th March, 1866, and was expected to issue the writ as prayed for. There is proof also tending to show, on the part of defendant, that the writ was directed by the attorney of complainant not to be issued until further orders, A number of defenses are presented in the several pleas of defendant filed in the case, which we need not notice at present in detail.

On submitting the case to the jury, the court directed them to find a special verdict, viz.: whether the failure to issue the attachment was through neglect of the defendant; and said to them, if they found that such failure was from his neglect, they would find for the plaintiff; but if they found the failure was caused by instructions given by Sharp's attorney, they would find for the defendant. If they found for plaintiff, they were to assess her damages, and their verdict would be subject to the opinion of the court. The

Alston v. Sharp.

jury found for plaintiff, and assessed her damages at $780.83, as we infer from the record, probably the amount of her debt with interest sought ·to have been collected by attachment in the original case. They also found that defendant was guilty of negligence. It is proper to add here, that in the original case the proceedings were conducted to a hearing before the chancellor on the assumption of complainant's counsel that the land had been attached, but on the hearing it was discovered not to have been done. In the meantime, before this, the registration of the deed had been corrected, and ultimately the party failed on this account, as is assumed, to make good the collection of her debt.

The defendant entered a motion for a new trial, in the disposition of which it was admitted that there· was no proof before the jury of the value of the land sought to be attached, at the time the bill was filed, unless the recitals of the deed from Hunter to Lowry in 1861 was such evidence, said papers having been used on the trial as evidence. The defendant insisted before the court on the argument of this motion, that no proof of the value of the land being before the· jury, at most, the plaintiff was on that state of facts, entitled only to a verdict for nominal damages.

It is clear, as held by the commission court, that this action is against the clerk as a ministerial officer, for failing to issue process, which it was his duty in that capacity to issue. The finding of the jury is so far sustained by the testimony, that it could not be held anything but conclusive under the rule of this

court, that the defendant has been guilty of neglect of official duty. We must then assume this to be the case, as made before us. The question then is on the action of the court below in refusing a new trial for the reason that no value of the land had been shown. Is there error in such action?

There can be no question that all ministerial officers are liable in damages to a party injured for neglect or violation of the duties imposed by their offices. See Sedg. on Meas. of Damages, top p. 532. The neglect to perform the duty imposed on the defendant as clerk being established, then the question is, whether under this state of facts it was the duty of the plaintiff to prove he was damaged and the extent of that damage in a case like the present, or whether the original suit having been to enforce the collection of a debt, and proof tending to show complainant in that case had failed of a decree for the sale of this land by not having the attachment, is it not the duty of defendant to show either under general issues or a special plea, that notwithstanding this neglect plaintiff was not thereby injured, but that under that proceeding, had the attachment issued, and no neglect on part of defendant, still plaintiff would have failed to realize his debt.

On this question we are not aided by the briefs of the counsel nor any authorities furnished us. It is assumed by both, that it was the duty of the plaintiff to prove the value of the land, in order to show the extent of his damages by the neglect of defendant. The general rule is thus stated by Mr.

Sedgwick, Measure of Damages, p. 508: "That the measure of damages in suits of this class brought against public officers by creditors, a plaintiff whose remedy against his debtor has been impaired by the neglect or other misconduct of the officer, is the actual injury sustained, this actual injury being measured by the amount of the original debt due the plaintiff, or the value of the property which has been, lost or prejudiced by the neglect of the officer." "The original debt," he adds, "is of course the gist of the action, and this debt must be established. When this is done, the inquiry is, has the recovery of the debt been prejudiced by the act of the defendant? In other words, whether under any circumstances it could have been collected of the defendant's property." *Ibid.* When the action is against an officer for failure to execute properly final or mesne process, by which the debtor has been arrested to secure the debt, or as against a sheriff for an escape, for instance, the English rule seems to be, that the plaintiff must prove affirmatively that he could have collected his debt but for the negligence of defendant. "But the rule in America," the same author says, "appears to be settled, that when the negligence is shown, the plaintiff is entitled to recover his debt, unless the officer can show the defendant was insolvent, or in any other way prove that the plaintiff has sustained no loss." Sedg., top. p. 536.

We think the latter rule is the sounder, in cases where the plaintiff has established his debt, or has by the process obtained means of coercing the payment

Alston *v.* Sharp.

of his debt by virtue of the process in the hands of the officer, as by a lien on property in case of a judgment in a court of record giving a lien by virtue of the execution, or an arrest of the debtor, as in some States may or might formerly have been done. It is certainly sustained, as shown by Mr. Sedgwick, by a large preponderance of American authority. In such cases, public policy favoring active performance of duty, would be best subserved by requiring the officer to show, that notwithstanding his neglect of duty, the plaintiff was not injured, thus requiring the officer to be responsible for his negligence, when that is established, unless he can show no damage has resulted from such neglect. Whether the rule is rightfully applicable to a case like the one before us, we need not now definitely settle, though we can see no good reason why it does not come properly from the defendant as a defense, to show his neglect has caused no damage. Still the defendant can have no benefit from the point, for another reason. The plaintiff in his declaration has distinctly averred that he would have secured his debt if the attachment had been issued, because the real estate sought to be attached was of value much greater than the amount of the debt. The defendant has filed eight pleas, but in none of them has he denied this averment or put the plaintiff to its proof. All allegations in the declaration not denied in the plea shall be taken as true for the purposes of that issue. Code, sec. 2910. This principle of our Code applies fully, as we have held, to any substantive and material allegation of the declara-

tion, which is not denied by the language or form of the pleading. There is nothing in any of the pleas that in any way meets this averment. The first plea going to the general right of recovery, only denies defendant being guilty of the matters in the declaration alleged. This only put in issue the neglect charged, and the matters of inducement to that averment. In this view, the action of the court in refusing a new trial for this reason is not error, though he may have refused it for a wrong reason. The defendant has sought to defend himself by pleas of matter in confession and avoidance, which, so far as necessary for the decision of this case, we proceed to dispose of.

The second and third pleas go on the idea that defendant was not liable because he did not grant the attachment, or did not promise to issue it. These pleas did not meet the issue tendered by plaintiff, which was based on the idea of failing to perform the duty of issuing an attachment, and is not for failing to grant one, nor upon a promise to issue it. The verdict of the jury settles these defenses by finding that the defendant was guilty of neglect in not issuing it, which could not be if he had not so undertaken, or had refused to grant it. In fact defendant proves that he did undertake to grant it, by the deputy, who did prepare it, as he says, and attempts to prove by him that it was not issued because of order of the attorney not to do so until further notice. The jury have found against this last view, and so this point is settled against defendant.

The fourth plea goes on the idea of plaintiff not having been entitled to an attachment, because the bill did not state in so many words that the debt sued for was just. · It may be conceded, that where the clerk is to issue the attachment, and the case made by the party seeking did not authorize an attachment, so that it would have been either void on the face of the record, or voidable, or decree based on the statement reversible, so that no levy under the writ could have been valid, then the clerk would not have been liable for not issuing such a paper, as it would not have been authorized by law, and would have been of no advantage to plaintiff; at any rate, plaintiff could only recover in such case at most, nominal damages, for such a writ would have legally secured nothing by which plaintiff would have been benefited, therefore he could have suffered no damage by failure to issue it.

The cases in 1st Heiskell's Reports are relied on to support this objection. We need not say that we have held in several cases, even at law, that the words "a just debt" need not be used, but that a statement of facts showing the claim to have been a just one meets the requirements of the law on this subject. The bill in this case does this, and the objection fails.

It is again objected that the attachment would have been void or ineffective, because the administrator of Hunter was not a party to the original bill. The facts are: Hunter, the vendor, had died in another State, and no administration had been granted on his estate. We do not think this objection tenable. It

is sufficient in a case like this, that the party might by the use of the means authorized by law, in accord. with the mode of procedure in our courts, have perfected his suit, so as to have made it effective.    If an administrator was necessary under sec. 3455, sub-sec. 7, of the Code, and sec. 3536, an amendment or amended bill making him party could, as was afterward done in this case, have been filed, and thus the case have been perfected in this matter.    The administrator was not so necessary a party at the commencement of the proceeding, certainly, under these sections, as to render the process void and the levy of the attachment a nullity.    All other parties were duly before the court.

We have no doubt but that the property in the debtor, who had conveyed by an unregistered deed, was the debtor's property in favor of a creditor of such vendor, and his vendee claiming under such unregistered deed.

For the reasons given we must affirm the judgment of the court below.    It is not improper, however, to say, that the record shows clearly that the clerk was personally in no default in this case, the failure being at most on the part of the deputy, for whose neglect he is held responsible.

Affirm the judgment.